Gwendolyn BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13358.

Court of Civil Appeals of Texas, Austin.

Feb. 4, 1981.

Ray Fisher, Fisher, Ashby & Morris, Austin, for appellant.

James L. McMurtry, County Atty., James N. Rader, Asst. County Atty., Austin, for appellee.

PHILLIPS, Chief Justice.

This is a civil commitment case in which the State sought to have appellant involuntarily committed to the Austin State Hospital for an indefinite period under authority of the Texas Mental Health Code.

Trial was to the court which found appellant to be mentally ill and required observation and treatment for her own welfare and protection. The court also found appellant to be mentally incompetent.

Judgment was rendered that the proposed patient be committed to the Austin State Hospital for an indefinite period. Appellant has duly perfected her appeal to this Court.

We affirm the judgment.

Appellant is before us on a single point of error contending that the trial court erred in admitting the testimony of the State's doctors who treated appellant, because their testimony was based on communications and observations which were privileged. Tex.Rev.Civ.Stat.Ann. art. 5561h (Supp. 1980).

Both testifying physicians in this case informed appellant prior to their examinations that her communications would not be privileged, thus satisfying our mandate in *Salas v. State*, 592 S.W.2d 653 (Tex. Civ.App.1979, no writ).

Nevertheless, appellant contends that the order of protective custody to the State Hospital superintendent that "... you are hereby ordered to take the body of Gwendolyn Brown into protective custody

and to immediately transport her to the Austin State Hospital for observation, evaluation and examination of her mental condition and detain her pending further orders of this court" is nothing more than an order of commitment, does not authorize the examination and determination of appellant's mental state, and therefore renders the subsequent examination by the doctors illegal and their testimony following the examination inadmissible. We do not agree. The order is clear and authorizes the examinations as performed. The subsequent communications are nonprivileged, since examination was informed that the communications would not be privileged.

■ Next, appellant reaches for Tex.Rev. Civ.Stat.Ann. art. 5561h, § 4(a)(4) (Supp. 1980), one of the many sections entitled *Exceptions to the privilege of confidentiality,* which reads as follows:

"when the judge finds that the patient/client after having been previously informed that communications would not be privileged, has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder, providing that such communications shall not be privileged only with respect to issues involving the patient's/client's mental or emotional health. On granting of the order, the court, in determining the extent to which any disclosure of all or any part of any communication is necessary, shall impose appropriate safeguards against unauthorized disclosure."

Appellant contends that this section, in view of the last sentence thereof, compels the court to impose appropriate safeguards against unauthorized disclosure in every instance and that this was not done. We also overrule this contention.

In our judgment, the section of the Act, quoted above, provides an exception to authorized disclosure *where it is required.* No one has suggested to us what safeguards might have been appropriate in this case. We do not believe that this section places a duty upon the trial court to guess at all future hazards that might militate against some aspect of disclosure.

Appellant is 54 years old. The testimony indicates that she is suffering from an organic lesion where there has been substantial brain deterioration to the point where she has regressed to childlike behavior. The prognosis is that there is no hope for her release as the deterioration will be progressive. The testimony further reveals that no one else wants to look after her.

The judgment of the trial court is affirmed.

POWERS, J., not sitting.